IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00CV535-03-MU

| | |
|---|---|
| ARNOLD LORENZO PAIGE, )<br>  (**Inmate # 13362-058**) )<br>     Plaintiff, )<br>   )<br>v.   ) | **O R D E R** |
| SHERIFF JIM PENDERGRAPH, et al. )<br>   )<br>     Defendants. )<br>_____) | |

This matter is before the Court on Plaintiff's "Motion for Relief from Judgment and Order" (Document No. 69) which this Court construes as a motion for reconsideration of Plaintiff's "Motion that the Court Direct the Marshall's Service to Return Costs Related to his Transportation and Housing" (Document No. 67).  This Court denied Plaintiff's Motion that the Court direct the Marshall's Service to Return Costs Related to his transportation and Housing by Order dated March 30, 2006 (Document No. 68.)  In that Order, the Court stated that its Order is a final order appealable to the Fourth Circuit Court of Appeals pursuant to the Rules of Appellate Procedure.  Plaintiff did not appeal the Court's March 30, 2006 Order and instead filed the instant motion seeking reconsideration.  Plaintiff's motion is DENIED.

A review of the record reveals that Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on October 30, 2000 against Sheriff Pendergraph and nineteen employees arising out of Plaintiff's confinement in the Mecklenburg County Jail in late 1998 and early 1999.  On November 30, 2000 this Court dismissed all claims against all defendants except for the excessive force claim against Defendant Gee, White, McCoy, Clarkson and Kimpel.  (Document

1

No. 4.) On March 7, 2003 this Court denied in part and granted in part Defendants' Motion for Summary Judgement. The Court also dismissed Defendant Kimpel. (Document No. 29.) After a drawn out procedural history, the case was set for trial on November 14, 2005 and the Court appointed counsel for Mr. Paige.[1] Mr. Paige was serving a federal sentence in Pennsylvania at the United States Penitentiary of Allenwood. Mr. Paige's counsel requested that Plaintiff be brought to Charlotte prior to the date of trial so that he would have time to confer with his client prior to the commencement of trial[2]. As this was not an unreasonable request, and in the hopes that time to consult with his client could lead to a settlement of this action, the Court agreed. On August 26, 2005 this Court issued a Writ of Habeas Corpus Ad Testification requesting that the United States Marshall's Service transport Plaintiff to the Charlotte area on or before October 7, 2005 for his trial scheduled for November 14. 2005. Prior to trial, this Court was advised by counsel for the Plaintiff that the parties had reached a settlement and that this case could be removed from the November 14, 2005 trial calendar. The Plaintiff had agreed to a settlement with the Defendants for a monetary sum in the Plaintiff's favor. Plaintiff had already been transported from Pennsylvania to the Charlotte area at the time of the settlement. The United States Marshall Service agreed to transport Plaintiff, at the Court's request, to the Charlotte area

---

[1] The Court was able to find an attorney in the community willing to represent Plaintiff pro bono.

[2] Plaintiff contends that he should not have to bear the costs of his housing since he was brought to this jurisdiction well in advance of trial instead of within close proximity to the trial which would have lasted no more than 2 to four days. Plaintiff contends that "the additional time appears to be, in all likelihood a play of the Marshalls' Service to incur substantial costs and fees." (Plaintiff's Motion at 1.) The reality is that Plainitff was brought to the Charlotte area in advance of trial at his counsel's request so that Plaintiff and counsel would have time to confer prior to trial. It was during this time, that Plaintiff and Defendants reached a settlement in Plaintiff's favor and Plaintiff was able to avoid a trial.

and arrange for his housing prior to and during the trial despite being under no legal obligation to do so. As such, the Marshall's Service incurred substantial bills for doing so and, in light of the settlement in Plaintiff's favor, asked this Court for reimbursement from the Plaintiff. According to the Marshall's Service, they incurred the following costs due to transporting and housing Mr. Paige prior to the settlement:

| | |
|---|---|
| Transportation: $1, 178.00 one way X 2 = | $2356.00 |
| Housing: 28 days (Gaston) at $60.00 per day = | $1680.00 |
| 1 day (Mecklenburg) at 109.70 per day = | $109.70 |
| | _____ |
| Total (Transportation and housing) = | $4145.70 |

On November 18, 2005 this Court directed Plaintiff to reimburse the United States Marshall's Service for the cost of his transportation and housing in the amount of $4145.00 on or before January 1, 2006 (See Document No. 64.) On December 6, 2005 Plaintiff requested an extension of time within which to reimburse the Marshall's Service for traveling and housing expenses (Document No. 65.) On December 14, 2005, this Court granted Plaintiff's motion for an extension of time and directed that Plaintiff reimburse the Marshall's Service on or before February 15, 2006 (Document No. 66.) According to Plaintiff, at some point in February, he did reimburse the Marshall's Service. On March 23, 2006 Plaintiff filed a Motion for Return of Fees Pain to the Marshall's Service (Document No. 67). This Court denied Plaintiff's motion by Order dated March 30, 2006 (Document No. 68.) In that Order, the Court stated that its Order is a final order appealable to the Fourth Circuit Court of Appeals pursuant to the Rules of Appellate

Procedure. Plaintiff did not appeal the Court's March 30, 2006 Order and instead filed the instant motion seeking reconsideration. The Court has considered Plaintiff's motion for reconsideration and hereby DENIES Plaintiff's motion.

Accordingly, Plaintiff's Motion for Relief from Judgment which this Court construes as a motion for reconsideration of this Court's previous Order (Document No. 68) is hereby DENIED.

**SO ORDERED**.

Signed: May 24, 2006

Graham C. Mullen
United States District Judge